# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DORALEE MAURO,

    Plaintiff,

v.

ALBERTSON'S, LLC,

    Defendant.

Case No. 2:26-cv-00805-NJK

**Order**

[Docket No. 10]

Pending before the Court is the parties' stipulation to extend case management deadlines by 60 days. Docket No. 10.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

In the instant stipulation, the parties submit that a 60-day extension of case management deadlines is warranted to allow Plaintiff's medical expert to complete his report by the initial expert disclosure deadline. Docket No. 10 at 2. However, the parties fail to provide the dates on which discovery was completed and to specify the written discovery requests which they have exchanged. *See id.* at 1-2; *see also* Local Rule 26-3(a). Further, the parties fail to explain why Plaintiff's medical expert could not complete his report on time and review the deposition testimony of witnesses, aside from their submission that the time allotted for discovery was insufficient. *See id.* at 2; *see also* Local Rule 26-3(c). Additionally, the parties contend that a 60-day extension will give the parties adequate time to complete all remaining discovery; however, they fail to provide a proposed schedule for completing all remaining discovery. *See* Local Rule 26-3(d).

Accordingly, the Court **DENIES** the parties' stipulation without prejudice. Docket No. 10.

IT IS SO ORDERED.

Dated: May 27, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

2