**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| DORALEE MAURO,<br><br>        Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC,<br><br>        Defendant. | Case No. 2:26-cv-00805-NJK<br><br>**Order**<br><br>[Docket No. 12] |

Pending before the Court is the parties' stipulation to extend case management deadlines by 60 days. Docket No. 12.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The parties request a 60-day extension of case management deadlines because of Plaintiff's extensive medical treatment history and because Plaintiff's expert requires additional time to produce his report. Docket No. 12 at 3-5. Although the stipulation fails to provide the dates on which Plaintiff's counsel attempted to retain a medical expert, the Court finds a sufficient showing of good cause, on the whole, to grant the requested extension.

Accordingly, the Court **GRANTS** the parties' stipulation and **RESETS** case management deadlines as follows:

- Initial experts:  July 31, 2026

- Rebuttal experts:  August 31, 2026

- Discovery cutoff:  September 28, 2026

- Dispositive motions:  October 28, 2026

- Joint pretrial order:  November 27, 2026, or 30 days after the resolution of any dispositive motions

IT IS SO ORDERED.

Dated: May 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).